**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| RODNEY A. CAMPBELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:26-CV-00165 RHH |
| | ) | |
| MADISON COUNTY JAIL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on self-represented Plaintiff Rodney A. Campbell's

Application to Proceed in District Court Without Prepaying Fees or Costs. [ECF No. 5]. Based on

Plaintiff's financial information, the Court assesses an initial partial filing fee of $1.00. On initial

review, the Court dismisses this action for failure to state a claim upon which relief may be granted.

*See* 28 U.S.C. § 1915(e)(2)(B).

**Background**

Plaintiff has filed 17 actions in this Court since December 8, 2025, the majority of which

have been filed against St. Charles County or the St. Charles County Jail. *See Campbell v. St.

Charles Cnty. Jail*, No. 4:25-cv-1784-JMB (E.D. Mo. filed Dec. 8, 2025); *Campbell v. Campagna*,

No. 4:25-cv-1901-JMB (E.D. Mo. filed Feb. 18, 2026); *Campbell v. St. Charles Cnty. Jail*, No.

4:25-cv-1902-ACL (E.D. Mo. filed Dec. 29, 2025); *Campbell v. Unknown,* No. 4:26-cv-24-JMD

(E.D. Mo. Jan. 5, 2026); *Campbell v. St. Clair Cnty. Jail*, No. 4:26-cv-65-MTS (E.D. Mo. filed

Jan. 15, 2026); *Campbell v. St. Charles Cnty. Jail*, No. 4:26-cv-89-MAL (E.D. Mo. filed Jan. 21,

2026); *Campbell v. St. Charles Cnty. Jail*, No. 4:26-cv-152-HEA (E.D. Mo. filed Feb. 2, 2026);

*Campbell v. Madison Cnty. Jail*, No. 4:26-cv-158-JSD (E.D. Mo. filed Feb. 2, 2026); *Campbell v.

St. Charles Cnty., Mo.*, No. 4:26-cv-162-AGF (E.D. Mo. Feb. 2, 2026); *Campbell v. Johnson,* No.

4:26-cv-203-NCC (E.D. Mo. filed Feb. 6, 2026); *Campbell v. St. Charles Cnty. Jail*, No. 4:26-cv-205-SRC (E.D. Mo. filed Feb. 9, 2026); *Campbell v. State of Mo.*, No. 4:26-cv-239-CDP (E.D. Mo. filed Feb. 17, 2026); *Campbell v. St. Charles Cnty. Jail*, No. 4:26-cv-241-ZMB (E.D. Mo. filed Feb. 17, 2026); *Campbell v. St. Charles Cnty. Jail*, No. 4:26-cv-278-ZMB (E.D. Mo. filed Feb. 23, 2026); *Campbell v. St. Charles Cnty. Jail*, No. 4:26-cv-346-MAL (E.D. Mo. filed Mar. 9, 2026); *Campbell v. Johnson*, No. 4:26-cv-444-NCC (E.D. Mo. filed Marc. 26, 2026).

**Initial Partial Filing Fee**

A prisoner bringing a civil action is required to pay the full amount of the filing fee. 28 U.S.C. § 1915(b)(1). If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20% of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner must make monthly payments of 20% of the preceding month's income credited to the prisoner's account. *Id.* § 1915(b)(2). The agency having custody of the prisoner will forward the monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff submitted a prisoner account from the St. Charles County Jail, but it shows only two months of the relevant account period. Accordingly, the Court will assess an initial partial filing fee of $1.00. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (a court may assess an initial partial filing fee "that is reasonable, based on whatever information the court has about the prisoner's finances"). If Plaintiff is unable to pay the initial partial filing fee, he must submit a copy of his inmate account statement in support of his claim.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous or malicious, or if it fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. §1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. "Determining whether a complaint states a plausible claim for relief" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. The Court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016); *see also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (court not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that, "if the essence of an allegation is discernible . . . then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)).

**The Complaint**

Plaintiff brings this prisoner civil rights action against the Madison County Jail, the St. Clair County Jail and the St. Charles County Jail. The Madison County Jail and the St. Clair County Jail are in Illinois, and the St. Charles County Jail is in Missouri. Plaintiff appears to claim that

Madison County Police Department and Fairview Heights Police Department manipulated events to make it appear that he failed to timely register as a sex offender while he was incarcerated in St. Clair County Jail during the year 2025. He states that as a result, he was "coerced into taking probation from St. Clair County, of which they violated approximately 30 days after [his] release." [ECF No. 1 at 3]. It appears that Plaintiff was picked up on a probation revocation charge out of St. Clair County for failure to register as a sex offender in August of 2025, and he was transferred to St. Charles County Jail in October of 2025 on an underlying warrant.[1] Plaintiff claims that Madison County also has an outstanding warrant for him based on his alleged failure to register. He believes this is a "weaponization" of the sex offender registry and he seeks monetary damages to offset his pain and suffering.

### Discussion

Even assuming all Plaintiff's factual allegations are true, he has not stated a plausible cause of action under 42 U.S.C. § 1983 against the three jails in this action because the Madison County Jail, the St. Clair County Jail and the St. Charles County Jail are not "legal entities amenable to suit." *Owens v. Scott Cty. Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003); *see also Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992). For this reason, the Court dismisses Plaintiff's claims brought against Defendants and dismisses this action pursuant to 28 U.S.C. § 1915(e)(2)(B).

Even if the Court assumed that Plaintiff was bringing his claims against the municipalities where each of the jails sit, rather than just the jails themselves, (such as the cities of Edwardsville,

---

[1] A review of the Missouri state court docketing system, Missouri Case.net, shows that Plaintiff is currently being held in the St. Charles County Jail awaiting trial in two felony criminal cases. In the first, *State v. Campbell*, No. 2311-CR03364-01 (11th Jud. Cir. filed Aug. 29, 2023), Plaintiff was charged with felony harassment in violation of Missouri Revised Statute § 565.090. In the second, *State v. Campbell*, No. 2611-CR00317, the state charged Plaintiff with being a fugitive from out-of-state. The state court record reflects that Plaintiff was arraigned on January 20, 2026. He appeared via video, entered a plea of not guilty, and was denied bond. *Id.* (filed Jan. 30, 2026).

- 4 -

Illinois, Fairview Heights, Illinois or St. Charles, Missouri), his claims still fail to allege constitutional violations. *See Ulrich v. Pope Cty.,* 715 F.3d 1054, 1061 (8th Cir. 2013) (affirming district court's dismissal of *Monell* claim where plaintiff "alleged no facts in his complaint that would demonstrate the existence of a policy or custom" that caused the alleged deprivation of plaintiff's rights). For these reasons, the Court dismisses Plaintiff's claims brought against Defendants in this action.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs [ECF No. 5] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff must pay an initial filing fee of $1.00 within 30 days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include on it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that Plaintiff's claims against Defendants are **DISMISSED** without prejudice. *See* 28 U.S.C. § 1915(e)(2)(B).

An Order of Dismissal will accompany this Opinion, Memorandum and Order.

Dated this 30th day of March, 2026.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE